COMMONWEALTH of Kentucky, NATU-
RAL RESOURCES AND ENVIRON-
MENTAL PROTECTION CABINET,
Appellant,

v.

Sharon L. HALL and Commonwealth
of Kentucky, Personnel
Board, Appellees.

Court of Appeals of Kentucky.

March 20, 1987.

Discretionary Review Denied
by Supreme Court
July 30, 1987.

Robert J. Yarbrough, Office of General
Counsel, Frankfort, for appellant.

Paul F. Fauri, Steven G. Bolton, Person-
nel Bd., Frankfort, for appellees.

Before CLAYTON, HAYES and
WILHOIT, JJ.

HAYES, Judge:

This is an appeal from a judgment of the
Franklin Circuit Court dismissing the ap-
peal of the Natural Resources Cabinet
from an order of the Personnel Board.
The Board ordered reinstatement of appel-
lee Sharon Hall on the basis that the notice
of dismissal she received was procedurally
defective. We disagree and reverse the
decision of the circuit court and remand the
case to the Personnel Board for a hearing
on the merits.

■ The alleged defect in the notice Ms.
Hall received was the failure to cite regula-
tions 101 KAR 1:120 Sections 1 and 3. In
reference to any omission of 101 KAR
1:120(3), the letter itself is proof that that
section of the regulation was cited. That
section plainly sets out the notice require-
ments for dismissal:

Section 3. Dismissals. (1) The ap-
pointing authority may remove any em-
ployee with status only for cause after
furnishing the employee and the commis-
sioner with a written statement of the
specific reasons for dismissal. Such rea-
sons shall be specific as to the statutory
and/or rule violation, the time, place, and
persons by name involved in the alleged
violation, and a specific description of the
alleged unlawful activity. Notifications
of dismissal that do not properly specify
the reasons shall be considered invalid
and the employee shall remain on the
payroll until such time as proper charges
are effected.

(2) Notifications of dismissal shall in-
form the employee that he has ten (10)
working days, not including the date the
notice is received, to reply thereto in
writing, or upon request, to appear per-

sonally with counsel and reply to the appointing authority or his deputy.

(3) An employee with status may appeal his dismissal as set forth in 101 KAR 1:130.

(4) A dismissed employee may be required to forfeit all accrued leave.

(5) Any employee who has been dismissed for cause or who has resigned while charges for dismissal for cause were pending and who seeks further employment with the state shall not be certified to the agency from which separated unless the agency requests such certification.

Nowhere do we find that citation of 101 KAR 1:120(1) is mandatory as that section is merely a general statement of the tenure rights of employees with status:

Section 1.  General Provisions.  Except as otherwise provided in these rules, the tenure of an employee with status shall be during good behavior and the satisfactory performance of his duties. At the time that an employee is given written notice of layoff, dismissal, suspension and disciplinary fine, an informational copy shall be transmitted to the Personnel Board.

The letter Ms. Hall received specifically addresses: (1) the nature of the charges against her, identifying the statute alleged to have been violated; (2) the dates and times of the incidents which are the subject of the complaint against her; (3) her right to a pre-termination hearing; and (4) her appeal rights.  As the notice complies with the statutory requirements and published regulations, we are convinced the Board should have proceeded to hear the merits of the case.

The judgment of the Franklin Circuit Court is reversed and the case is remanded for proceedings on the merits.

Appellant's motion to strike appellee's brief is DENIED.

All concur.